[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10078
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-01640-RWS

YVONNE A. WARD,

Plaintiff-Appellant,

versus

SELECT PORTFOLIO SERVICING, INC. (SPS),
c/o Corporation Service Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 14, 2017)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Yvonne Ward, proceeding pro se, appeals the district court's dismissal of her complaint for failing to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  After careful review of the record and the parties' briefs, we affirm.

Ward filed a pro se complaint against Corporation Service Company c/o Select Portfolio Servicing (SPS) alleging mortgage fraud.  A magistrate judge concluded that Ward's complaint failed to meet the pleading standard under Rule 8(a)(2).  The district court agreed and dismissed Ward's complaint without prejudice.

Dismissal of a complaint for failure to comply with Rule 8(a)(2) is reviewed for abuse of discretion.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) only requires only that the statement "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted).

We liberally construe a pro se plaintiff's pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Although we show leniency to pro se litigants, we will not "serve as de facto counsel" or "rewrite an

2

otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Pro se litigants are still required "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).

Further, issues not briefed on appeal are considered abandoned, and "we do not address arguments raised for the first time in a . . . reply brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).  We also "generally will not consider an issue or theory that was not raised in the district court." *Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994) (internal quotation marks omitted).

Ward does not meaningfully challenge the district court's ruling on appeal, and, in any event, the district court did not abuse its discretion when it found that Ward did not meet the pleading standards.  Ward's complaint did not contain a short and plain statement that gave notice of the basis of her claims and the grounds upon which they were based.  *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.  Additionally, dismissal without prejudice was appropriate because Ward never responded to SPS's motion to dismiss and never attempted to argue or show that she could amend her complaint to comply with the pleading requirements.

**AFFIRMED.**

3